# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ERNEST HOOPENGARNER** | : | **CIVIL ACTION** |
| v. | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.** | : | **NO. 07-cv-3010** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. If such a writ of habeas corpus, sought by a state prisoner, is issued by a federal court pursuant to 28 U.S.C. §2254, the prisoner will be released from state custody on the grounds that his rights guaranteed by the United States Constitution, and/or by a federal law, and/or by a treaty entered into by the United States, have been violated. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

In the context of prisoners in state custody (such as the instant matter), Congress, by means of AEDPA, **_intentionally_** created a series of **_restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254. One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**, created by 28 U.S.C. §2244(d). Another intentionally restrictive gate-keeping condition is AEDPA's so-called **_"second or successive rule"_**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a 28 U.S.C. §2254

1

habeas if that litigant had at least one prior 28 U.S.C. §2254 habeas that was dismissed with prejudice. For purposes of the second or successive rule, the concept of 'dismissal with prejudice' means **either:**

1. that the prior case was dismissed after merits consideration and denial on the merits; **or,**

2. that the prior case was dismissed on grounds of procedural default;[1] **or,**

3. that the prior case was dismissed on grounds of AEDPA's statute of limitations.

Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). AEDPA provides in relevant part that before such a second or successive petition is filed in the district court, the prisoner must first get permission to file in the district court from the circuit court, pursuant to 28 U.S.C. §2244(b)(3)(A), and that without such circuit permission, the district court lacks subject matter jurisdiction to consider such a habeas petition. Villot v. Varner, 373 F.3d 327 (3d Cir. 2004); Holloway v. Horn, 355 F.3d 707 (3d Cir. 2004); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); Hull v. Kyler, 190 F.3d 88 (3d Cir. 1999); In re Minarik, 166 F.3d 591 (3d Cir. 1999); Christy v. Horn, 115 F.3d 201 (3d Cir. 1997). The strict requirements annunciated in AEDPA's second or successive rule were intentionally enacted in order to support the Congressional policy of creating finality with respect to

---

[1] Procedural default occurs when a §2254 petitioner in this district court previously had the right to file an appeal of the conviction and/or sentence involved to a state court, or the right to file an application for post-conviction relief the conviction and/or sentence involved to a state court, concerning specific issues, but the petitioner did not, in fact, file such an appeal or application, and some procedural rule of the state court dictates that the time has passed for such a state filing.

state and federal criminal prosecutions that involve federal constitutional issues. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004).

On July 18, 2007, petitioner filed the above-captioned petition in this court purportedly seeking relief pursuant to the "Innocence Protection Act" (which petitioner identifies as 18 U.S.C. §3006). Petitioner claims to be actually innocent, and requests that a DNA test be performed on the forensic evidence in his underlying state conviction. As the argument made allegedly relies on a federal statute, this petition seeks the type of relief that is only available pursuant to 28 U.S.C. §2254. Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001). Although petitioner does not mention the concept of habeas corpus, this petition was incorrectly opened by the Clerk of this Court as a petition pursuant to 28 U.S.C. §2241, when in actuality it clearly seeks 28 U.S.C. §2254 relief; as it clearly seeks §2254 relief, it shall be so re-characterized by this Memorandum and Order.[2]

Contrary to Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, this petition was not filed with the requisite current standard 28 U.S.C. §2254 form, prescribed by this Court, effective

---

[2]Petitioner in 07-cv-3010 has filed a previous petition in this court seeking Habeas Corpus relief pursuant to 28 U.S.C. §2254, labeled 97-cv-6192, which was dismissed with prejudice. The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's second or successive rule does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241. The fact that relief pursuant to 28 U.S.C. §2254 may possibly be barred pursuant to AEDPA's statute of limitations does not mean that an alternate route to this type of relief is available pursuant to 28 U.S.C. §2241.

December 1, 2004.  Aside from the dictate of the aforesaid rules of court, use of this Court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that Petitioner is made aware of the specific warnings required from this Court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to <u>USA v. Thomas</u>, 221 F.3d 430 (3rd Cir. 2000) (which relates to the statute of limitations); and <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) (which relates to the restrictions on a District Court's ability to consider a "second or successive" 28 U.S.C. §2254 petition) (these specific <u>Thomas</u> and <u>Mason</u> warnings are contained in the introductory text of this Court's aforesaid current standard form).  Whereas this Court is required by the Third Circuit's language in the <u>Thomas</u> and <u>Mason</u> decisions to give petitioners in §2254 cases these <u>Thomas</u> and <u>Mason</u> warnings at the time of filing, that this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

We further note that Petitioner has neither requested leave to proceed *in forma pauperis* nor paid the five dollar §2254 filing fee.

Accordingly, this _____ Day of _____ 2007, it is hereby **ORDERED** as follows:

1.   07-cv-3010 is re-characterized as a petition seeking relief pursuant to 28 U.S.C. §2254.

2.   The Clerk of this Court shall furnish Petitioner with a blank copy of this Court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number).

3.   Petitioner shall <u>complete</u> this court's current standard form as directed by Local Civil Rule 9.3(b) and Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts (that is, by setting forth the core of his argument on the form itself, without recourse to attachments, and <u>return</u> it to the Clerk of Court within thirty (30) days, together in the same envelope with ***either*** a completed *in forma pauperis* application form; ***or***, a

4

       check for five dollars.

4.     Failure to comply with this Order shall result in the dismissal of this civil action.


                              **S/ J. CURTIS JOYNER**
                              **J. CURTIS JOYNER, U.S. District Judge**